# EXHIBIT 1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROBERT BROWN, MARJORIE GRODD-BROWN
On behalf of themselves and on behalf of their minor
Child E.B.,

                Plaintiff,

          -against-

THE CITY OF NEW YORK, and DETECTIVE ROBERT
CARDONA,

                Defendants.

------------------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

Jury Trial

16 CV 1919 (ALC)

      Plaintiffs ROBERT BROWN, MARJORIE GRODD-BROWN, on behalf of themselves and on behalf of their minor child E.B., by and through their attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully allege as follows:

## PRELIMINARY STATEMENT

      1.    Plaintiffs brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as secured by statutes and the Constitution of the State of New York and the United States and under the New York City and New York State Human Rights law.

## JURISDICTION

      2.    The action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the First, Fourth, Sixth and Fourteenth Amendments to the United States and New York Constitutions and NYC and NYS Human Rights Laws.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367. Plaintiff has complied with conditions precedent to file suit on his state law claims.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiffs are citizens of the United States, and at all relevant times were residents of the County of New York, City and State of New York. Mr. Brown works as a reporter. Mrs. Brown is a law school graduate.

7.      Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant Cardona is a detective within the 13th precinct detective squad. He is sued in his individual and official capacities.

## FACTS

9.      Plaintiffs Mr. and Mrs. Brown have resided in Chelsea for nearly three decades. They also have a minor daughter E.B. who resides with them and is approximately 12 years old.

10. On March 4, 2015, school officials at E.B.'s school noticed a small mark on her arm. Out of abundance of caution, the school officials called Mr. and Mrs. Brown and made inquiries about said mark. The school officials apologized to the Browns and said that they have to forward the case to Administration for Children Services ("ACS"). The school officials did not deem either Mr. Brown or Mrs. Brown as threats to E.B.'s safety.

11. On or about March 5, 2016, an ACS worker visited the Brown family and did an initial intake. The ACS worker also apologized to the Brown family and did not deem Mr. or Mrs. Brown to be a threat to E.B.

12. On 11, 2015, Cardona called the Brown household and asked to speak with Mrs. Brown. Mr. Brown did not know whether Cardona was in fact a member of the NYPD and requested additional information from the caller. Cardona told Mr. Brown that he wanted Mr. Brown to come down to the 13th precinct. Not knowing the identity of the caller or the nature of the call, Mr. Brown refused as it was well within his rights. Cardona angrily said that he was going to have to come down to the Brown household to get Mr. Brown.

13. Later that day, Cardona arrived at the Brown household and started ringing the bell of their front door and eventually banging on the door.

14. The Browns were terrified and asked who was at the door. Cardona refused to identify himself and continued trying to get inside the building alarming the Brown's neighbors.

15.     Mr. Brown called 911. The 911 operator advised them to not open their front door.

16.     Approximately 10 minutes later, a squad car arrived at the Brown residence and the uniformed police officers confronted Cardona because of his failure to identify himself as a detective.

17.     The uniformed police officers then left from the lobby after Cardona identified himself.

18.     Cardona who was visibly upset and embarrassed, told Mr. Brown that "this could have been taken care of inside your home, now you have to come down to the precinct with him." In the meantime, Mr. Brown called Mrs. Brown and asked her to come meet him the precinct. Mr. Brown had no choice but to go with Cardona to the precinct otherwise he would have bene handcuffed in front of his daughter and nanny,

19.     At the precinct, Cardona isolated Mr. Brown from his wife and daughter and started to question E.B. in her mother's presence. E.B. told Cardona that nothing had happened. However, Cardona told E.B. that "your daddy is in big trouble." This terrified E.B.

20.     Cardona then said that even though nothing had happened and that this entire situation is wrong, he had to make a 7 p.m. deadline.

21.     Despite the fact that E.B. denied anything had happened, Cardona drafted a false criminal complaint that contained false allegations.

22. Based on the false allegations drafted by Cardona, Mr. Brown was falsely charged with five (5) serious charges.

23. Based on the false charges, Mr. Brown was held in custody for more than 36 hours before he was released ROR.

24. Due to the false nature of the charges drafted by Cardona, Mr. Brown was directed to stay away from his daughter and wife.

25. Mr. Brown spent a total of six (6) weeks away from his family at a motel in New Jersey costing him emotional, economic and other injuries. He spent money on legal fees among other expenses and continues to suffer from PTSD.

26. While Mr. Brown was away, E.B. and Mrs. Brown suffered from this separation emotionally. E.B. went through a major foot surgery and was traumatized because her father could not been there for her and continues to suffer to this day from this incident.

27. The false charges against Mr. Brown were eventually dismissed on a motion by the DA's office.

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest-Unlawful Seizure under the 4th Amendment)

28. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

29. There was no probable cause for the arrest, unlawful seizure or the continued incarceration of plaintiff Mr. Brown.

30. As such these Defendants' actions resulted in violations of both plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments.

31. As a result of the aforementioned conduct of Defendants, Plaintiff Mr. Brown's constitutional right to be free from unreasonable seizure were violated and he sustained physical, economic and emotional injuries.

### AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

32. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

33. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

34. These actions by Defendants deprived the substantive and procedural due process afforded to the Plaintiffs and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

35. As a result of the foregoing, Plaintiffs were deprived of their substantive rights to familial association under the Due Process Clause causing them economic and severe and permanent emotional and physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution)

36. Plaintiffs repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

37. Defendant Cardona knew that by filing false charges against Plaintiff Mr. Brown, he would very likely be held in custody, have to endure numerous court

appearances, and the expense of hiring an attorney and despite such belief, the Defendant fabricated evidence that Mr. Brown engaged in serious criminal activities.

38. Due to Cardona's actions, Plaintiff Mr. Brown was deprived of life and liberty interest.

39. Cardona's actions constituted malicious prosecution because he knowingly filed false and unsubstantiated charges against Plaintiff, failed to drop them, or inform the District Attorney's office of the falsity of the charges and instead pursued the charges knowing full well that the charges were not only false but trumped up, and fabricated by him.

40. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and he was subjected to violation of his state and federal rights.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Denial of Right to Fair Trial)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42. Defendant Cardona fabricated evidence and testimony that plaintiff Mr. Brown had engaged in a criminal activity.

43. Cardona had no legal or factual basis for the outrageous allegations against Mr. Brown.

44. Cardona falsified E.B.'s statement to obtain his result oriented goal of making an arrest.

45. Cardona's actions denied plaintiff Mr. Brown the right to a fair trial.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of NYS and NYC Human and Civil Rights Law)

46. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47. Defendants conduct herein denied plaintiffs the equal protection of the law, discriminated against them and caused them injuries.

48. As a result, plaintiffs' rights under NYS and NYC were violated.

## AS AND FOR AN SIXTH CAUSE OF ACTION
(Negligent Screening, Training, Hiring, and Retention under the laws of the State of New York)

49. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

50. Upon information and belief, Defendant City failed to use reasonable care in the screening, hiring, retraining and retention of the aforesaid individual Defendants who conducted and participated in the violation of Plaintiffs' rights.

51. As a result, plaintiffs suffered injuries.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

52. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

53. Plaintiffs' physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A EIGHTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

54. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein that caused plaintiffs' injuries.

### AS AND FOR AN NINTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of the State of New York)

56. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

57. As a result of the foregoing, Plaintiffs were subjected to malicious abuse of process by the defendants which led to them being dragged through the Court, arrests, away from each other, incurring unnecessary expenses simply for the defendant to generate arrests, meet quotas and gain financially through overtime for this preposterous scheme.

58. As a result of Defendants' conduct, Plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A TENTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

59. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

60. The aforementioned conduct was extreme and outrageous, and exceeded

all reasonable bounds of decency.

61. The aforementioned conduct was committed by Defendants while acting within the scope of their employment by Defendant City.

62. The aforementioned conduct was committed by Defendants while acting in furtherance of their employment by Defendant City.

63. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

64. As a result of the aforementioned conduct, Plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

65. As a result of these actions, Plaintiffs suffered injuries.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(First Amendment-Retaliation)

66. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

67. Plaintiffs were well within their right to not let Cardona (who refused to identify himself) inside their home.

68. Plaintiffs had a privacy interest and were directed by the 911 operator to not allow the unidentified man inside their apartment.

69. Plaintiffs engaged in protected conduct.

70. Cardona who was embarrassed and furious at plaintiffs, retaliated against them by dragging them to the precinct and held them against their will.

71. But for plaintiffs engaging in protected conduct, Cardona would not have dragged them to the precinct.

72. As a result, Cardona violated plaintiffs' rights secured under the First Amendment and they suffered injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
August 29, 2016

PAWAR LAW GROUP, P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By:
Robert Blossner, Esq. (RB0526)
Vik Pawar, Esq. (VP9101)
*Attorneys for Plaintiff*